[Civil No. 3530. Filed June 3, 1935.]

[45 Pac. (2d) 953.]

In the Matter of OTTO E. MYRLAND, a Member of the State Bar.

Mr. James E. Nelson, for the Board of Governors of the State Bar.

Mr. Kirk T. Moore, for Respondent.

LOCKWOOD, C. J.—A complaint was filed before the administrative committee of district No. 5 of the Arizona State Bar against Otto E. Myrland, a member of the bar of this state, hereinafter called respondent, alleging that he had been guilty of certain unethical and unprofessional conduct. A hearing was held before this committee at which respondent was present, and evidence was taken upon the three charges set forth in the complaint. The committee agreed that the first two presented nothing worthy of their consideration, but found him guilty on the third charge, and recommended that he be at least suspended from practice for a certain length of time. In accordance with the provisions of the State Bar Act (chapter 66, Session Laws of 1933, Regular Session), this report was transmitted to the board of governors of the State Bar, which also held a hearing at which respondent was present. Evidence was taken at that time, and the board of governors voted unanimously that the findings of fact of the administrative committee of district No. 5 be approved, and by a vote of seven to one recommended to this court

that respondent be suspended from the practice of law for a period of six months.

The record of these proceedings was sent to us, as provided by law, and respondent filed an answer setting up, in substance, three defenses to the proceeding: (1) That the proceedings were not in accordance with the rules of procedure of the State Bar; (2) that the conduct complained of did not constitute a matter justifying disciplinary action; and (3) that the complaint was not supported by the evidence. The matter was argued before us at length by respondent in person, by his counsel, and by a representative of the State Bar, and was then submitted for our decision.

The principles governing this court in proceedings of this kind are set forth in the case of *In re Bailey,* 30 Ariz. 407, 248 Pac. 29, 31. Therein. we stated as follows:

"For the foregoing reasons we are of the opinion, first, that this court has original jurisdiction to hear any proceeding for the disbarment of an attorney who is admitted to practice before it. Second, that the power of disbarring an attorney for bad character or unprofessional conduct is inherent in the court, and is not, and cannot, be limited or taken away by the legislature, though the latter may provide such other grounds of disbarment as it may see fit, and the court will accept them as sufficient. Third, that, where it appears the attorney has been guilty of unprofessional or immoral conduct of such nature that in the opinion of the court he is unfit to continue as a practitioner, it is not necessary that the proceeding by which the matter is brought to the attention of the court shall comply with any particular form. It may follow the method set forth in the statute, and, if so, the court will hold it sufficient, but, even though it should not in form comply with the act, if the charges are such that the court considers them good grounds for disbarment, independent of the statute, and the attorney is given a full and

adequate opportunity to make such showing as he thinks proper in defense thereof, they will not be dismissed because they depart in some degree from the method provided by the legislature. . . . "

We reaffirm this language as stating the general rule of law governing disbarment proceedings. For this reason, since defendant was present at the hearings before the local administrative committee and the board of governors, and had ample opportunity to be heard in his own defense, it is immaterial whether or not the rules of procedure adopted by the State Bar for disbarment proceedings were strictly followed or not. While it is an excellent practice to have formal and definite rules covering procedure before the State Bar in matters of this kind, the only requirement going to the jurisdiction of this court is that the respondent has ample opportunity to present his side of the matter.

The second question for our consideration is whether the act which it is alleged constituted a violation of professional ethics does, as a matter of law, do so. The complaint, in substance, may be set forth as follows: A controversy had existed between one C. E. Brown and D. H. Fairchild concerning the ownership and right of possession of certain machinery. The machinery was in the possession of Fairchild on a certain mining claim in Santa Cruz county, and to the knowledge of both Brown and respondent he had refused to surrender it, except upon the order of a court of competent jurisdiction. A watchman, Scott by name, was employed by Fairchild to take charge of the machinery, and had been instructed by the latter not to deliver it to anyone except upon an order of court. Thereupon respondent, who at all times had been Brown's attorney, prepared an instrument which reads as follows:

''Order to Remove

''State of Arizona County of Pima.—ss.

''To Whom These Presents May Come, Greetings:

''You are hereby ordered and directed to turn over unto Ray Dye all the mining equipment belonging to C. E. Brown of Tucson, Arizona.

''Failure on your part to obey this order will subject you to any and all penalties imposed by the laws of the State of Arizona.

''Herein fail not.

''Done this 4th day of October, 1933.

''OTTO E. MYRLAND.    [Seal]

''Subscribed and sworn to before me this 4th day of October, A. D. 1933.

''My Commission expires July 1, 1935.

''[Seal]                    ''MILDRED B. McGEE,

''Notary Public in and for the County of Pima, State of Arizona.''

After and partially over the name ''Otto E. Myrland'' appears the impression of a notary's seal in reverse. Underneath the name was originally written ''Attorney for C. E. Brown,'' but this, when the document came into the possession of the committee, has been erased with a pencil by someone so that it was not apparent without very close inspection. Thereafter, and in the absence of Fairchild, one Ray Dye, as the agent of Brown, went to the mining claim and presented the instrument to Scott, representing that it was a court order for the delivery of the possession of the machinery. Scott, being a layman and ignorant of legal proceedings, believed in good faith, upon the statement of Dye and inspection of the document, that it was a court order, and therefore delivered possession of the machinery to Dye, and it was taken away by the latter. It was further alleged that the instrument was prepared by respondent for the purpose of presentation to Scott, and with the intention of deceiving him into believing that it was a court order.

■ We think it goes without saying that, if an attorney attempts to deceive another during pending litigation by inducing him to believe that a document prepared by the attorney is an order by the court, it constitutes unprofessional conduct in the highest degree. It is a fraud upon the party, and, in effect an abuse of the process of the court as a cloak for extortion. That the facts set forth in the complaint are true is not denied by respondent. Indeed, he in substance admitted this, both in a letter addressed to the administrative committee of district No. 5 and in an oral statement before this court. He offered as the sole extenuation for his conduct the claim that he believed Fairchild was unjustly swindling his client and that he had been misguided by his zeal to protect the latter's interest.

■ Under such circumstances, we have no alternative but to find that respondent was guilty of unprofessional conduct, and that he should be punished therefor. Both the administrative committee and the board of governors have recommended that he be suspended from the practice of law for the period of six months. This court is of the opinion that, in view of the facts in this case, and of other matters which are within the judicial knowledge of the court, but which we need not set forth in this opinion, this is the minimum penalty which we would be justified in inflicting. It is therefore ordered that respondent Otto E. Myrland be, and he is hereby, suspended from the practice of law in Arizona for the period of six months from the date of rendition of this judgment.

McALISTER and ROSS, JJ., concur.