[Civil No. 3763.   Filed March 29, 1937.]

[66 Pac. (2d) 245.]

## In the Matter of JAMES FOREST, a Member of the State Bar.

Mr. James E. Nelson, for the State Bar.

No appearance for Respondent.

LOCKWOOD, J.—Margaret E. Smith, hereinafter called petitioner, filed complaint with the State Bar of Arizona against James Forest, a member of the bar, hereinafter called respondent, charging him with unprofessional conduct.   Briefly summarized, the alleged misconduct was this: Respondent had acted as attorney for petitioner in a divorce proceeding in the superior court of Yuma county.   Judgment went against her, and she was desirous of taking an appeal to this court.   Respondent informed her that, in his opinion, the appeal would be successful, and that the costs would amount to $175.   She had some other litigation pending also which he was handling.   In the fall of 1933, she remitted to him $235 in cash, $175 for the

costs of the appeal, and the other $60 for the costs of the other litigation. She wrote to respondent from time to time, and was informed that the appeal was progressing nicely, and that he was taking proper charge thereof. Some eighteen months later, not having heard as to the result of the appeal, she began an investigation and found that no appeal had ever been taken. Respondent then asserted that the money she had sent him had mostly been used in paying for a reporter's transcript; but again upon investigation it appeared that no transcript had ever been ordered nor paid for, and that the time for appeal having passed, she was unable to proceed with it. Respondent then stated that he would refund the money, and after much urging and solicitation, did return $60 in cash, and an order on a third person which was eventually productive of another $50, but no more was ever received by her.

A hearing was had in December, 1935, by the local administrative committee of the State Bar in Yuma, who investigated the charges, at which the petitioner testified substantiating her charges, respondent being also present. A further hearing was held on February 1, 1936, and depositions were submitted, and respondent testified fully in his own behalf. The local committee then reported to the Board of Governors of the State Bar, finding, in substance, that the charges were true, and recommending that respondent should be disciplined therefor. The Board of Governors, at its meeting in April, 1936, ordered the record transmitted to this court. An order to show cause was directed to respondent and served on him by registered mail, in the State of California, in May, 1936; but respondent has wholly failed and neglected to make any response to such order. This might be taken as a confession of the charges against him, without the

necessity of examining the record further; but notwithstanding this, we have carefully examined and considered the evidence found in the record, and are satisfied the charges were fully sustained thereby.

That the conduct above referred to constitutes professional misconduct in the highest degree is obvious. Not only did respondent obtain money from petitioner for professional services which he never rendered, but he represented to her for some time thereafter that the services had been performed, so that when she finally discovered the true situation it was too late for her to perfect her appeal, and although he eventually admitted these facts and offered to return the money so retained, he only did so partially, and has offered no defense for his conduct to this court. Under the circumstances, we are of the opinion there is but one thing which should be done.

It is ordered that respondent be, and he is, permanently disbarred from the practice of his profession in the State of Arizona.

McALISTER, C. J., and ROSS, J., concur.