419 P.2d 75

**In the Matter of a Member of the State Bar of Arizona, Robert C. KASTEN-SMITH, Respondent.**

**No. 8776.**

Supreme Court of Arizona.

In Banc.

Oct. 13, 1966.

---

Robert C. Kastensmith, Phoenix, in pro. per.

Walter F. Kessler, Phoenix, for the State Bar.

LOCKWOOD, Justice.

This is an original proceeding for disciplinary action of Attorney Robert Kastensmith [1] under the State Bar Act certified to the Supreme Court by the Board of Governors of the State Bar.

On April 20, 1966 there was filed in this Court the recommendation of the Board of Governors of the State Bar of Arizona that Robert C. Kastensmith, a duly licensed and practicing member of the State Bar of Arizona be reprimanded for unethical conduct in his practice as a lawyer. This recommendation adopted and approved the findings and recommendations of the Local Adminis-

1. Attorney Kastensmith has been suspended for non-payment of Bar dues after the submission of this case to the Supreme Court.

trative Committee for District 4 B which had theretofore conducted a formal hearing upon written charges and an order to show cause directed to Attorney Kastensmith commanding him to show cause before the committee as to why he should not be disciplined. The charges were:

"I. (No. 109–B)

"The complaint of one Nellie Paris, 1310 West Hatcher Road, Phoenix, Arizona, that on or about November 11, 1963, she employed you to represent her in connection with charges of driving under the influence of intoxicating liquors and paid you the sum of $250.00 therefor; that you advised her that you would pay such fine as might be imposed on her from the funds she placed in your hands; that you did not pay her fine or see to other disposition of the charges against her; that as a result thereof, she was arrested and caused to forfeit bond in the amount of $160.00; that you negligently failed to represent the interests of your client, though employed therefor; that you have since failed, neglected or refused to refund to Mrs. Paris the sum which she was required to forfeit as bond, though you repeatedly promised to do so.

\* \* \* \* \* \*[2]

"III.

"Your repeated failure, neglect or refusal to respond to the reasonable inquiries and investigation of a local administrative committee of the State Bar of Arizona."

The respondent who practiced in Phoenix, Arizona filed no written answers to the charges but in response to the order to show cause appeared pro se. Evidence both oral and documentary was received in support and in defense of the charges. The Committee in its findings of fact found that with regard to Count I of the order to show cause there was a violation of Canon 44 of the Canons of Professional Ethics[3] and Rule XII(c) of the Uniform Rules of Practice of the Superior Court of Arizona, 17 A.R.S.;[4] and that with regard to Count III

---

2. Count II was dismissed by the Board of Governors on September 10, 1965.

3. *"Withdrawal From Employment as Attorney or Counsel.* The right of an attorney or counsel to withdraw from employment, once assumed, arises only from good cause. Even the desire or consent of the client is not always sufficient. The lawyer should not throw up the unfinished task to the detriment of his client except for reasons of honor or self-respect. If the client insists upon an unjust or immoral course in the conduct of his case, or if he persists over the attorney's remonstrance in presenting frivolous defenses, or if he deliberately disregards an agreement or obligation as to fees or expenses, the lawyer may be warranted in withdrawing on due notice to the client, allowing him time to employ another lawyer. So also when a lawyer discovers that his client has no case and the client is determined to continue it; or even if the lawyer finds himself incapable of conducting the case effectively. Sundry other instances may arise in which withdrawal is to be justified. Upon withdrawing from a case after a retainer has been paid, the attorney should refund such part of the retainer as has not been clearly earned."

4. *"Withdrawal and substitution.* No attorney shall be permitted to withdraw, or be substituted, as attorney of record in any pending action except by order of court, supported by written application setting forth the reasons therefor together with the name and residence of the client, as follows:

(1) Where such application bears the written approval of the client, it shall be accompanied by a proposed written order and may be presented to the court ex parte. The withdrawing attorney shall give prompt notice of the entry of such order, together with the name and residence of the client, to all other parties or their attorneys;

(2) Where such application does not bear the written approval of the client, it shall be made by motion and shall be served upon the client and all other parties or their attorneys;

(3) No attorney shall be permitted to withdraw as attorney of record after an action has been set for trial, unless there shall be endorsed upon the application therefor either the signature of an attorney stating that he is advised of the trial date and will be prepared for trial, or the signature of the client stating that he is advised of the trial date and has made

of the order to show cause there was involved a violation of Canon 29 of the Canons of Professional Ethics.[5] The Committee recommended that respondent, Robert Kastensmith be suspended from the practice of law for a period of six months on both of the counts discussed above, the periods of suspension to run concurrently. The Board of Governors by affirmative vote of the majority of the entire Board affirmed the findings and recommendations of the Administrative Committee as to Count I, and recommended that respondent be suspended from the practice of law for a period of six months on that count. With regard to Count III of the Order to Show Cause the Board of Governors recommended to this Court that the respondent be formally reprimanded.

 Since under Rule 34(a), Rules Supreme Court, 17 A.R.S., an answer to an order to show cause in a disciplinary hearing is only permissive and not mandatory, the only lack of cooperation asserted by the Administrative Committee in Count III is the failure of respondent to send a letter to the Committee confirming the oral agreement for a continuance. The committee contends that this constituted a violation of Canon 29 of the Canons of Professional Ethics presumably showing that the attorney failed to uphold the honor or maintain the dignity of the profession. Assuming procedural due process is met, we have said in In re Myrland, 45 Ariz. 484, 487, 45 P.2d 953, 954 (1935) : " * * * it is immaterial whether or not the rules of procedure adopted by the State Bar for disbarment proceedings were strictly followed or not." Thus, if the State Bar is not strictly bound by its own rules certainly the failure to submit a

written request for a continuance to the Bar Committee is not in itself grounds for disciplinary action. Nevertheless, it is incumbent upon every member of the Bar to cooperate with the appropriate State Bar representative in their investigation and disposition of matters concerning the proper conduct of an attorney.

The facts leading up to the complaint of Count I are essentially as follows: A Mrs. Nellie Paris, after an automobile accident on November 11, 1963, was cited for driving while intoxicated by a police officer who had not witnessed the accident. Mrs. Paris contacted Mr. Kastensmith and paid him $250.00 to defend this cause of action and to pay from this sum any fine the Court would impose. Mr. Kastensmith's sole defense was that a police officer could not arrest for a misdemeanor not committed in his presence and that a citation for driving while intoxicated constituted such an arrest. Mr. Kastensmith was representing another person in a similar position and consolidated both actions. He thereafter sought to quash the complaint on the above grounds. This motion was denied by the City Court and he thereafter filed a Writ of Prohibition with the Superior Court. Approximately seven Superior Court orders were made with regard to this matter before it was referred back to the City Court for trial. However, by this time, Mrs. Paris, not fully understanding the proceedings, decided she did not want anything more to do with the case. Upon the failure of Mrs. Paris or her attorney to appear at trial, a warrant was issued for her arrest. She subsequently paid the $160.00, without notifying her attorney, rather than applying such sum to an appeal bond as he suggested.

suitable arrangements to be prepared for trial."

5. *"Upholding the Honor of the Profession.* Lawyers should expose without fear or favor before the proper tribunals corrupt or dishonest conduct in the profession, and should accept without hesitation employment against a member of the Bar who has wronged his client. The counsel upon the trial of a cause in which perjury has been committed owe

it to the profession and to the public to bring the matter to the knowledge of the prosecuting authorities. The lawyer should aid in guarding the Bar against the admission to the profession of candidates unfit or unqualified because deficient in either moral character or education. He should strive at all times to uphold the honor and to maintain the dignity of the profession and to improve not only the law but the administration of justice."

The major issue presented herein is why Attorney Kastensmith failed to represent his client at the ultimate disposition of the case. It appears from the record that there was a breakdown in communications between Attorney Kastensmith and his client, and that as his client did not want to appeal the case there was nothing more he could do. Moreover the examiner for the Bar Committee acknowledged that the client was one with whom an attorney would have to speak in one syllable words and thus it was understandable that Attorney Kastensmith had difficulty in communicating his intentions with such a client.

In fact with regard to this count the examiner stated: "I think primarily the reason for the committee having made this finding and for having assessed the punishment was because of the apparent, shall we say lack of communication between the attorney and the client * * *." However, the committee acknowledged that there was no showing that Mr. Kastensmith was in any way involved in any moral turpitude nor was there a showing that Mr. Kastensmith was overpaid or took too much money from the complainant.

This is not a case in which an attorney reprehensibly deserts his client at the very hour of trial, [See In re Fellows, 57 Ariz. 224, 112 P.2d 864 (1941)] or obtained money from his client for services never rendered. In re Forest, 49 Ariz. 292, 66 P.2d 245 (1937).

A subordinate question involves the failure of Attorney Kastensmith to promptly return the $160.00 he promised to repay his client. Immediately after she paid the fine, he told the complainant that he would refund to her what she had paid out, that is the $160.00 though he did not have such sum at that moment. Attorney Kastensmith claims he subsequently asked his secretary whether the $160.00 for Mrs. Paris had been taken care of and he received an affirmative response. There was another client by the name of Paris who had submitted a $160.00 check at this time to the respondent. Thus it is reasonable to believe that the respondent had no knowledge that his promise to repay the $160.00 to the complainant remained unfulfilled until he received notice from the Bar Committee in January of 1965.

Attorney Kastensmith did not pay Mrs. Paris the $160.00 in January of 1965 but felt it would be wiser to await the determination at the hearing before making such payment. After the hearing of this matter, Mr. Kastensmith paid the $160.00 to Mrs. Paris in August of 1965.

■ We have stated that the objective of disciplinary proceedings is to protect the public, the profession and the administration of justice and not to punish the offender. Insofar as the record discloses this is the first time any complaint has ever been made against Attorney Kastensmith (who has practiced law in Arizona since 1954) for alleged violation of the Canons of Ethics, statutes or Rules of the Court regulating the practice of law. See, In re Zussman, 86 Ariz. 272, 344 P.2d 1021 (1959).

■■ As the trier of facts as well as the law, we find that the evidence presented does not clearly and convincingly support the findings of the Administrative Committee.

It is possible that the respondent was somewhat negligent in failing clearly to communicate his course of action with his client.

■ With regard to the violation of Rule 12(c) of the Uniform Rules, we recently stated in In re Brown, 101 Ariz. 178, 181, 416 P.2d 975, 978 (1966):

"However, respondent did owe the court a duty either to appear, withdraw as attorney, or to advise both the court and counsel that he would not appear, and that judgment might be taken in his absence. Every attorney who files an answer in a case owes this duty to the court. This is a matter for the trial courts to control and for their action. We do not condone the failure of lawyers to appear at a hearing or at a trial. We admonish not only

the respondent, but all lawyers, of this duty."

We reaffirm this statement.

Proceedings quashed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concur.