**VIRGINIA STATE BAR,**
Defendant-Appellant,

v.

**SURETY TITLE INSURANCE AGENCY,**
**INC., Plaintiff-Appellee.**

No. 77–1703.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 4, 1977.

Decided March 1, 1978.

Vacated and remanded with instructions.

John Hardin Young, Asst. Atty. Gen., and Anthony F. Troy, Atty. Gen. of Virginia, Richmond, Va., for defendant-appellant.

Alan B. Morrison, Washington, D. C. (Robert B. Hummel, Washington, D. C., and Stephen W. Bricker, Richmond, Va., on brief), for plaintiff-appellee.

Before RUSSELL and HALL, Circuit Judges, and THOMSEN,* Senior District Judge.

THOMSEN, Senior District Judge.

Surety Title Insurance Agency, Inc. (Surety) filed this action against the Virginia State Bar (VSB) in the district court, claiming that certain advisory opinions issued by the VSB, coupled with the threat of disciplinary proceedings against those attorneys who disregard the advisory opinions, illegally restrain commerce in the area of title insurance and constitute an illegal group boycott and an attempt to monopolize, in violation of sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2. The district court noted:

> "Plaintiff does not challenge either the definition of the practice of law as enunciated by the Supreme Court of Virginia nor the correctness of any particular ethical or unauthorized practice of law opinion. Rather, it is the method by which these opinions are issued that is alleged to be in violation of the federal antitrust laws."

*Surety Title Insurance Agency, Inc. v. Virginia State Bar,* 431 F.Supp. 298, 300 (E.D. Va.1977).

The VSB contended below and contends here that the relief requested is barred, inter alia, by the state-action exemption to the Sherman Act.

Cross motions for summary judgment on the issue of liability were filed, accompanied by a stipulation of facts, which included references to the appropriate statutes,[1] rules of the Supreme Court of Virginia [2] and opinions of the VSB.[3]

After argument, the district court concluded that the state-action exemption is not available to the VSB in this case. The court noted, however, that the defense to monetary liability may be available to the VSB on notions of fairness; with respect to that issue the court said:

> "The issuing of the opinion resulting in the anticompetitive activity here was required by the state. The Court will request that the parties address this issue further after the Court and counsel have the benefit of the Supreme Court's opinion in the case of *Bates v. State of Arizona* which is anticipated before the Court's current term ends in June." 431 F.Supp. at 309.[4]

The decision in *Bates v. State Bar of Arizona,* 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977), was indeed rendered on June 27, 1977. After distinguishing *Goldfarb v. Virginia State Bar,* 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975), the Court held flatly that "the challenged restraint [in *Bates*] is the affirmative command of the Arizona Supreme Court under its Rules 27(a) and 29(a) and its Disciplinary Rule

---

* Of the United States District Court for the District of Maryland, sitting by designation.

1. Va. Code Ann. §§ 54–48 and 49 (Repl.Vol. 1974); see also § 54–44.

2. See, inter alia, Rules of the Supreme Court of Virginia, 171 Va. xvii; 205 Va. 1038 et seq.; 216 Va. 1062, 1141, 1143, 1146–47, 1173–74.

3. Unauthorized Practice of Law Opinions Nos. 17 (1942), 43 (1974), and 44 and 46 (1975); and Ethics Committee Opinion 177 (1975).

4. The following order was entered by the district court:

"For the reasons stated in the Memorandum of the Court this day filed and deeming it proper so to do, it is ADJUDGED AND ORDERED as follows:

(1) Defendant's motion for summary judgment be, and the same is hereby denied; and

(2) The motion of the plaintiff for summary judgment be, and the same is hereby, in part granted in the following respects: (a) the issuance by defendant of opinions of similar documents purporting to define the practice of law is unlawful and in the instant case is violative of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2; (b) the defendant, Virginia State Bar, its officers, agents and employees be, and they are hereby, enjoined from issuing any further opinions or documents purporting to define the practice of law and said defendant is directed to expunge from its records all such prior opinions; further, the defendant, Virginia State Bar, through its appropriate officer shall forthwith notify its membership of said expungement.

"All other matters in issue are hereby continued."

2–101(B). That Court is the ultimate body wielding the State's power over the practice of law, see Ariz.Const. Art. 3; *In re Bailey,* 30 Ariz. 407, 248 P. 29 (1926), and, thus, the restraint is 'compelled by direction of the State acting as a sovereign.' 421 U.S., at 791 [95 S.Ct., at 2015]." 433 U.S. at 359–60, 97 S.Ct. at 2697. The Court, added a footnote ( # 11) at that point in the *Bates* opinion, as follows: "We note, moreover, that the Court's opinion in *Goldfarb* concluded with the observation that '[i]n holding that certain anticompetitive conduct by lawyers is within the reach of the Sherman Act we intend no diminution of the authority of the State to regulate its professions.' 421 U.S., at 793, 95 S.Ct. 2016. Allowing the instant Sherman Act challenge to the Disciplinary Rule would have precisely that undesired effect." 360 U.S. at 433, 97 S.Ct. at 2697.

After analyzing *Cantor v. Detroit Edison Co.,* 428 U.S. 579, 96 S.Ct. 3110, 49 L.Ed.2d 1141 (1976), the Court said: "Here, the appellants' claims are against the State. The Arizona Supreme Court is the real party in interest; it adopted the rules, and it is the ultimate trier of fact and law in the enforcement process. *In re Wilson,* 106 Ariz. 34, 470 P.2d 441 (1970). Although the State Bar plays a part in the enforcement of the rules, its role is completely defined by the court; the appellee acts as the agent of the court under its continuous supervision." 433 U.S. at 361, 97 S.Ct. at 2697. Further distinguishing *Cantor,* the Court said:

"In contrast, the regulation of the activities of the bar is at the core of the State's power to protect the public. Indeed, this Court in *Goldfarb* acknowledged that '[t]he interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been "officers of the courts." ' 421 U.S. at 792, 95 S.Ct. 2016. See *Cohen v. Hurley,* 366 U.S. 117, 123–124, 81 S.Ct. 954, 6 L.Ed.2d 156 (1961). More specifically, controls over solicitation and advertising by attorneys have long been subject to the State's oversight. Federal interference with a State's traditional regulation of a profession is entirely unlike the intrusion the Court sanctioned in *Cantor."* 433 U.S. at 361–62, 97 S.Ct. at 2698.

"Finally, . . . .. The disciplinary rules reflect a clear articulation of the State's policy with regard to professional behavior. Moreover, as the instant case shows, the rules are subject to pointed re-examination by the policy maker—the Arizona Supreme Court—in enforcement proceedings. Our concern that federal policy is being unnecessarily and inappropriately subordinated to state policy is reduced in such a situation; we deem it significant that the state policy is so clearly and affirmatively expressed and that the State's supervision is so active." *Id.*

In the instant case the role of the Supreme Court of Virginia is not so clear. It is unfortunate that Virginia has not adopted a statute or rule which would permit us to certify this question of state law, crucial to a decision in this case, to the highest court of the State of Virginia. However, as the district court noted in a footnote to its opinion: "Subsequent to the filing of this action, the Attorney General of Virginia filed a Bill of Complaint against the plaintiff charging it with the unauthorized practice of law. The Bill and subpoena issued by the Clerk of the Circuit Court of Virginia Beach were served on the plaintiff on December 16, 1976. A challenge to the substance of the State Bar's opinions on the unauthorized practice of law as they relate to title insurance may be expected in the state court proceeding." 431 F.Supp. at 300 n.2. We are advised that no decision has yet been rendered in that case, but counsel have sent us copies of the pleadings therein, and stated that the matter will be set for a docket call in April 1978. The decision in that case, at nisi prius and on appeal, will have to deal with the respective roles of the Supreme Court of Virginia and the VSB in the adoption and enforcement of the disciplinary rules and other issues presented by the case at bar. We believe that it would be in accord with appropriate federal-state relations for the federal courts to withhold

final decision on the issues presented by this case until the Virginia courts have had an opportunity to decide the disputed questions of state law.

We, therefore, vacate the order of the district court, and remand the case with instructions to withhold further action until the final decision of the Supreme Court of Virginia in the case filed by the Attorney General of Virginia against the plaintiff herein, referred to in footnote 2 of the opinion of the district court, unless the Attorney General is responsible for any unreasonable delay in such decision.

*Vacated and Remanded, with instructions.*