[Civil No. 2523.   Filed July 8, 1926.]

[248 Pac. 29.]

## In the Matter of the Disbarment of WELDON J. BAILEY, an Attorney of This Court.

1. ATTORNEY AND CLIENT. — Legislature may provide qualifications for admission to practice, but courts, under Constitution, article 3, may prescribe additional conditions.

2. ATTORNEY AND CLIENT—COURT MAY DISBAR ATTORNEY FOR REASONS OTHER THAN THOSE PRESCRIBED BY LEGISLATURE, WHERE CHANCE TO BE HEARD IS GIVEN.—Court will disbar attorney for any reason and in manner prescribed by legislature, but has inherent power, which cannot be limited by statute, to disbar him for any additional reason which satisfies court he is no longer fit, where he is given opportunity to be heard in defense.

3. ATTORNEY AND CLIENT.—Supreme Court has original jurisdiction in proceeding for disbarment of an attorney.

4. ATTORNEY AND CLIENT. — Statute of limitations (Civ. Code 1913, par. 716) is no defense in proceeding to disbar attorney for misconduct.

---

1. Legislative or judicial power to determine qualifications for admission to bar, see note in 10 **Ann. Cas.** 198. See, also, 3 **Cal. Jur.** 589; 2 **R. C. L.** 942. Validity of rule regulating admission to bar, see note in **Ann. Cas.** 1917A 552.

2. Cause and proceedings for disbarment of attorneys and the power of courts to disbar, see notes in 95 **Am. Dec.** 333; 45 **Am. St. Rep.** 71. See, also, 2 **R. C. L.** 1096. Power of courts to disbar attorneys, see notes in 5 **Ann. Cas.** 990; 15 **Ann. Cas.** 419. See, also, 3 **Cal. Jur.** 720; 2 **R. C. L.** 1086.

4. Application to disbarment proceedings of statute of limitations, see note in 45 **A. L. R.** 1110. See, also, 3 **Cal. Jur.** 738; 2 **R. C. L.** 1106.

5. WITNESSES—TO CITE ATTORNEY TO ANSWER CHARGES HELD NOT TO COMPEL HIM TO BE A WITNESS OR GIVE EVIDENCE AGAINST HIMSELF USABLE IN CRIMINAL PROCEEDING (CONST., ART. 2, § 10; PEN. CODE 1913, § 503).—To cite attorney to answer charges of misconduct *held* not violative of Constitution, article 2, section 10, as compelling him to be a witness or give evidence against himself that might be used in criminal proceeding under Penal Code of 1913, section 503, as he is not bound to answer or testify.

6. ATTORNEY AND CLIENT—THAT ATTORNEY RETAINED CLIENT'S MONEY THREE YEARS, AND DENIED RECEIVING IT, HELD BASIS FOR DISBARMENT, THOUGH NOT STATUTORY GROUND (LAWS 1925, CHAP. 32).— That attorney received client's funds, and for three years retained same, during which he denied to client that he received same, *held* sufficient ground for disbarment, though not falling within grounds specified by Laws of 1925, chapter 32.

7. ATTORNEY AND CLIENT—PROCEEDING TO DISBAR UNDER INHERENT POWER OF COURT NEED NOT FOLLOW ANY PARTICULAR FORM (LAWS 1925, CHAP. 32).—Proceeding, under court's inherent power, to disbar attorney for unprofessional or immoral conduct, which, in the opinion of the court, renders him unfit to continue as a practitioner, need not follow the method set forth in Laws of 1925, chapter 32, or any particular form, if the attorney is given full opportunity to present his defense.

---

See (1) 6 C. J., p. 572, n. 63, 64. (2) 6 C. J., p. 584, n. 96. (3) 15 C. J., p. 1027, n. 70. (4) 6 C. J., p. 601, n. 86. (5) 40 Cyc., p. 2540, n. 38. (6) 6 C. J., p. 591, n. 69. (7) 6 C. J., p. 603, n. 19.

Original proceeding in disbarment. Respondent's demurrer overruled, with leave to answer.

Mr. John W. Murphy, Attorney General, and Mr. Earl Anderson, Assistant Attorney General, for the State.

---

6. Withholding client's money or property as ground for disbarment, see note in 19 L. R. A. (N. S.) 414. See, also, 3 Cal. Jur. 726; 2 R. C. L. 1095.

Disbarment for failure to account for money of client, see note in 43 A. L. R. 54.

7. Disbarment of attorneys by courts as result of summary proceedings, see note in 2 Am. St. Rep. 850. See, also, 2 R. C. L. 1103.

Arizona Bar Association (by Mr. James E. Nelson), *Amicus Curiae.*

Mr. John W. Ray, for Respondent.

LOCKWOOD, J.—This is an original proceeding in the Supreme Court for the disbarment of Weldon J. Bailey, an attorney of this court. A petition was filed by the Attorney General charging Bailey, hereinafter called respondent, with wrongful, unlawful, unprofessional and unethical conduct and acts unbecoming an attorney. Such alleged misconduct was detailed in an affidavit attached to the petition, which is substantially as follows:

George F. Bowland died in the Government Hospital at Tucson, Arizona, leaving an estate consisting only of a claim against the government. Decedent's heirs were his mother, two half-sisters, and his half-brother, Roy J. Hockrey. The latter, being the only relative of decedent living in Arizona, consulted respondent in regard to the settlement of his brother's estate, and was informed that it would be necessary to administer the estate in order to collect the claim for compensation. Hockrey then employed respondent for that purpose. A petition by Hockrey for letters of administration was filed in the proper court, and letters issued in due time. It appeared on investigation the amount of compensation due decedent was approximately $190. Proper proof thereof was prepared and sent to the Veterans' Bureau in Washington, and Hockrey was informed by respondent that he had taken the matter up with the Bureau.

Some months thereafter, no payment for compensation having been received by Hockrey, he inquired of respondent what the trouble was, and the latter informed him he could get no satisfaction from the

Bureau. Decedent's mother a few months later took the matter up with the Bureau, and was informed by it that a letter had been sent to Roy J. Hockrey, in care of respondent, containing a check for the amount of the compensation, and that it had never been returned. Hockrey then went to the respondent, and told him what he had heard from the Bureau, and asked concerning the receipt by respondent of the check and letter, and the latter informed him he had never received any such letter or check, or heard anything from the Bureau regarding it. Hockrey thereafter repeatedly tried to get some information from respondent regarding the matter, but on each occasion he talked with him the latter stated that he had never received any letter or check.

Nearly three years later the matter was again taken up with the Bureau by Alice M. Birdsall, who received a letter from it stating that the check had been sent to Hockrey in care of respondent, and that it had been paid years before, and further stating that on request investigation would be made. Thereafter a secret service agent showed Hockrey a photostatic copy of the check for compensation, which bore his indorsement as administrator, by Weldon J. Bailey, the respondent, and later a certified check which respondent had given the agent, refunding the amount in question to the government. Another check was then issued by the Bureau and duly paid to Hockrey.

On the filing of the petition by the Attorney General with affidavit attached, an order to show cause was issued to respondent out of this court, directing that he appear and show why he should not be disbarred. An appearance was duly entered, and a demurrer to the accusation of the Attorney General filed, which was argued to the court and submitted.

Before discussing the questions raised by the demurrer, we have deemed it the best course to lay

down the general principles of law applicable to the admission and disbarment of attorneys, and, after having stated such principles, to apply them to the demurrer as seems appropriate.

The right to practice law is not a natural or constitutional one. Such being the case, it has always been held that it could, and should, be regulated in some manner, and it frequently happens that, as in this state, the legislature has passed an act providing that the applicant for admission to the bar must pass an examination of a certain kind and in a certain manner. *Ex parte Yale,* 24 Cal. 241, 85 Am. Dec. 62; *In re Bailey,* 50 Mont. 365, Ann. Cas. 1917B 1198, 146 Pac. 1101; *State Bar Com.* v. *Sullivan,* 35 Okl. 745, 131 Pac. 703; *State* v. *Rossman,* 53 Wash. 1, 17 Ann. Cas. 625, 21 L. R. A. (N. S.) 821, 101 Pac. 357.

From time immemorial, however, attorneys at law have been considered essentially and primarily as officers of the court admitting them, and exercising a peculiar privilege or franchise. As was said by the Supreme Court of the United States in *Ex parte Garland,* 4 Wall. 333, 18 L. Ed. 366:

"Attorneys and counselors are not officers of the United States; . . . they are officers of the court, admitted as such by its order, upon evidence of their possessing sufficient legal learning and fair private character. . . . The order of admission is the judgment of the court that the parties possess the requisite qualifications as attorneys and counselors, and are entitled to appear as such and conduct causes therein. From its entry the parties become officers of the court, and are responsible to it for professional misconduct. They hold their office during good behavior, and can only be deprived of it for misconduct ascertained and declared by the judgment of the court after opportunity to be heard has been afforded. . . . "

It is therefore held by the best considered cases, where this point has been specifically passed on, that the requirements prescribed by the legislature are merely restrictive of the rights of the applicant, and that they do not, and cannot, compel the courts to admit anyone to practice. As is stated by the Supreme Court of Pennsylvania in *Re Splane,* 123 Pa. 527, 16 Atl. 481:

"We are clearly of opinion that the act of 1887, though probably not so intended, is an encroachment upon the judiciary department of the government. . . . It is an imperative command to admit any person to practice law upon complying with certain specified conditions. . . . No judge is bound to admit, or can be compelled to admit, a person to practice law who is not properly qualified, or whose moral character is bad. . . . The attorney is an officer of the court, and is brought into close and intimate relations with the court. Whether he shall be admitted, or whether he shall be disbarred, is a judicial and not a legislative question." *Re Miller,* 29 Ariz. 582, 244 Pac. 376; *Matter of Mosness,* 39 Wis. 509, 20 Am. Rep. 55; *In re Day,* 181 Ill. 73, 50 L. R. A. 519, 54 N. E. 646; *In re Burton* (Utah), 246 Pac. 188.

The courts are, of course, a separate and independent division of the government, and, within their constitutional rights, not subject to control by the legislature. Article 3, Constitution of Arizona. We think there is no more important duty, nor one whose performance is more necessary to the proper functioning of the courts, than to see that their officers are of proper mental ability and moral character. The legislature may, and very properly does, provide from time to time that certain minimum qualifications shall be possessed by every citizen who desires to apply to the courts for permission to practice therein, and the courts will require all applicants to comply with the statute. This, however, is a limitation, not on the

courts, but upon the individual citizen, and it in no manner can be construed as compelling the courts to accept as their officers all applicants who have passed such minimum standards, unless the courts are themselves satisfied that such qualifications are sufficient. If they are not, it is their inherent right to prescribe such other and additional conditions as may be necessary to satisfy them the applicants are indeed entitled to become such officers. In other words, they may not accept less, but may demand more, than the legislature has required.

Such being the law in regard to admission to the bar, it equally and necessarily follows that, whenever a practitioner by his conduct shows that he no longer possesses the qualifications required for his admission, he may be deprived of the privilege theretofore granted him, and such deprivation may be either under the authority of a statute prescribing the cause therefor, and the manner of procedure, or the court of its own inherent power may act. Following the principle applying in the case of admission to practice, the court will disbar an attorney for any reason and in any manner prescribed by the legislature. But a statute cannot limit the inherent power of the court which admitted him to also disbar him for any additional reason which may satisfy the court he is no longer fit to be one of its officers. *In re Burton, supra; State* v. *Raynolds,* 22 N. M. 1, 158 Pac. 413; *In re Egan,* 22 S. D. 355, 117 N. W. 874; *State Bar Com.* v. *Sullivan, supra; In re Mills,* 1 Mich. 392; *State ex rel.* v. *Gebhardt,* 87 Mo. App. 549; *In re Simpson,* 9 N. D. 379, 83 N. W. 541; *State* v. *Harber,* 129 Mo. 271, 31 S. W. 889; *Bar Association* v. *Greenhood,* 168 Mass. 169, 46 N. E. 568.

The only absolutely necessary requirement in the latter case is that he may have an opportunity of appearing and being heard in his own defense on

charges which are made known to him. *Bradley* v. *Fisher,* 13 Wall. (U. S.) 335, 20 L. Ed. 646 (see, also, Rose's U. S. Notes); *Ex parte Wall,* 107 U. S. 265, 27 L. Ed. 552, 2 Sup. Ct. Rep. 569; *Ex parte Robinson,* 19 Wall. (U. S.) 505, 22 L. Ed. 205; *In re Boone* (C. C.), 83 Fed. 944.

Such being the general law, let us now consider the demurrer. The first point made is that this court has no jurisdiction to hear this proceeding because by the Constitution its original jurisdiction is expressly limited to cases of *habeas corpus, mandamus,* and *quo warranto* against state officers, and to disputes of a certain nature between counties. We do not think this contention is well founded. Our constitutional provisions regarding the judiciary were taken from the Constitution of the state of Washington. In the case of *In re Robinson,* 48 Wash. 153, 15 Ann. Cas. 415, 15 L. R. A. (N. S.) 525, 92 Pac. 929, the same objection was raised, and the court said:

"We have never held, nor was it ever our intention to hold, that this court has no original jurisdiction in a proceeding such as the one now before us. Such jurisdiction undoubtedly exists."

See, also, *In re Lambuth,* 18 Wash. 478, 51 Pac. 1071; *In re Smith,* 73 Kan. 743, 85 Pac. 584; *In re Boone, supra.*

The next point of demurrer to be considered is that the statute of limitations has run. It is contended by respondent that paragraph 716 of the Civil Code of 1913 governs a proceeding of this nature. It appears the general rule is that the statute of limitations is no defense in a matter of this kind. *State Bar Com.* v. *Sullivan, supra; In re Smith, supra; In re Lowenthal,* 78 Cal. 427, 21 Pac. 7; *People* v. *Hooper,* 218 Ill. 313, 75 N. E. 896.

We next consider the objection that to compel respondent to answer the charges made would violate section 10, article 2, of the Constitution of Arizona, by compelling him to be a witness, or to give evidence, against himself that might be used in a criminal proceeding under section 503 of the Penal Code of 1913. Respondent overlooks the fact that he is not required by the citation herein to file an answer under oath, nor to testify in his own behalf. He is simply cited to show cause why he should not be disbarred, and it is his privilege to speak or not, as he may see fit.

The remaining grounds of demurrer are based fundamentally on the theory that this hearing can only be maintained under chapter 32, Session Laws of 1925, and that it must stand or fall by the provisions of that chapter. As we have stated before, this court, in considering the question of disbarment, need not accept an act of the legislature as furnishing the only grounds of disbarment, or the only proceedure for trying such cases, and, as a matter of fact, it is extremely doubtful whether the misconduct attributed to the respondent falls specifically within any of the subdivisions of section 2 of the chapter, which gives the various grounds of disbarment covered by the statute, unless, perhaps, it be subdivision 7, which reads as follows:

"For any other unprofessional or unethical conduct, violative of the canons and ethics of the profession of an attorney at law as adopted by the American Bar Association."

If the facts above stated do not fall within any of the prohibitions of chapter 32, no proceeding thereunder could, of course, be predicated upon them. It is undoubtedly true, however, that, if as a matter of fact respondent did receive funds which belonged to his client, and for a period of nearly three years retained the same, during all of which period he re-

peatedly denied to his client that he had ever received them, it was both contrary to the professional standards of an attorney, viewed from any standpoint, and to the general moral standards of society, and is ample ground for disbarment under the inherent powers of the court.

For the foregoing reasons we are of the opinion, first, that this court has original jurisdiction to hear any proceeding for the disbarment of an attorney who is admitted to practice before it. Second, that the power of disbarring an attorney for bad character or unprofessional conduct is inherent in the court, and is not, and cannot, be limited or taken away by the legislature, though the latter may provide such other grounds of disbarment as it may see fit, and the court will accept them as sufficient. Third, that, where it appears the attorney has been guilty of unprofessional or immoral conduct of such nature that in the opinion of the court he is unfit to continue as a practitioner, it is not necessary that the proceeding by which the matter is brought to the attention of the court shall comply with any particular form. It may follow the method set forth in the statute, and, if so, the court will hold it sufficient, but, even though it should not in form comply with the act, if the charges are such that the court considers them good grounds for disbarment, independent of the statute, and the attorney is given a full and adequate opportunity to make such showing as he thinks proper in defense thereof, they will not be dismissed because they depart in some degree from the method provided by the legislature. Fourth, that the affidavit attached to the petition sets up matters which, if true, show respondent is guilty of such misconduct as should cause this court to suspend or disbar him.

It is therefore unnecessary for us to discuss any of the other grounds urged in support of the demur-

rer. It is overruled, with leave to respondent to file an answer to the petition within thirty days, if he so desire.

McALISTER, C. J., and ROSS, J., concur.