533 P.2d 1154

In the Matter of ETHICS OPINION NO. 74–28 Issued September 24, 1974, by the Committee on Rules of Professional Conduct of the State Bar of Arizona, and affirmed February 7, 1975, by the Board of Governors of the State Bar of Arizona.

No. 11972.

Supreme Court of Arizona, En Banc.

April 9, 1975.

**520**

Johnson, Shelley & Roberts by J. LaMar Shelley, Mesa, for petitioner, The League of Arizona Cities and Towns.

Robert W. Browder, Phoenix, for respondent, State Bar of Arizona.

Rawlins, Ellis, Burrus & Kiewit by Robert S. Lynch, Phoenix, for amici curiae.

HAYS, Justice.

The League of Arizona Cities and Towns filed before this court a Petition for Review of Ethics Opinion No. 74–28. Thereafter, a Petition for Leave to Intervene was filed by the law firm of an incumbent city councilman of the City of Phoenix and a number of other law firms petitioned to appear as amici curiae. These petitions were granted by the court, and after oral argument by the attorneys for petitioner, League of Arizona Cities and Towns, and respondent, State Bar of Arizona, the court accepted jurisdiction of the petition.

At this juncture we wish to make it clear that jurisdiction was accepted by this court most reluctantly. The overriding statewide interest and the extraordinary circumstances involved made such acceptance necessary, however. The State Bar in its response raises the issue of this court's jurisdiction to accept a petition to review an ethics opinion. It quite correctly points out that there is no rule of this court nor provision in the constitution or statutes which authorizes such a review. We find inherent in Rules 27 through 44, Rules of the Supreme Court, A.R.S. 17A, the power and jurisdiction of this court to further the objectives of the aforesaid

rules when public interest and justice require.

We have before us a most difficult question because here there are two extremely valid concepts in conflict. Our problem deals with attorneys holding public office as members of the governing body of cities and towns. On the one hand, we have EC 8–8 of the Code of the Professional Responsibility of the American Bar Association urging attorneys to engage in public service and to hold office. On the other hand, we have Canon 9, EC 9–6 and DR 9–101 imposing what petitioner contends are oppressive restrictions on an attorney's acceptance of public office. The problem is more complex than the question of the status of an attorney serving on a purely legislative body. Functions of a city or town council include both legislative and executive aspects, as well as considerable control over the magistrates courts. Obviously, this further compounds our problem.

In looking to the specific questions involved, we set out the following from Opinion 74–28, September 24, 1974:

"FACTS:

"Attorney P was elected to City B's city council, which is a part-time position. The City B council has the power to hire and fire the city court magistrates and the city attorney. The city attorney serves as the chief legal advisor to the council, the city manager, and all city departments, offices, agencies and represents the city in all legal proceedings.

"QUESTIONS PRESENTED:

"1. Is Attorney P prohibited from practicing law in the city courts of City B?

"Answer: Yes.

"2. Are the remaining partners or members of Attorney P's firm prohibited from practicing law in the courts of City B?

"Answer: Yes.

"3. Is the firm prohibited from undertaking civil representation on behalf

of plaintiffs where City B is the defendant?

"Answer: Yes.

"4. Are members of the firm prohibited from appearing on civil matters before City B's city council?

"Answer: Yes.

"5. Are members of the firm prohibited from appearing before various city boards, such as planning and zoning and the board of adjustments?

"Answer: Yes."

It must be noted that neither the petitioners nor the amici curiae took issue with the answers to the first three questions in the opinion and in fact conceded their correctness. We shall therefore address ourselves only to questions four and five.

Petitioners, as well as amici curiae, argue that the controlling standard for public officers in conflict of interest situations is set forth in A.R.S. § 38–503. They further contend that when the public policy of the State has been enunciated by the legislature in setting curative measures by which public officials can avoid potential conflicts of interest, the interest of protecting the public is fully served. American Bar Association Formal Opinion 306 is cited in support of this position. That opinion was decided May 26, 1962, before the present Code of Professional Responsibility was in effect and when there was no Canon 9 referring to the "appearance of impropriety."

■ This court can obviously set higher standards for the members of the bar than the legislature has set for public officials in general. In re Bailey, 30 Ariz. 407, 248 P. 29 (1926). See also Rule 27(a), Rules of the Supreme Court.

■ We strive, however, for a common-sense solution to this problem which protects the public and yet makes available to public bodies the active participation of attorney members. The "appearance of impropriety" can be avoided without barring the attorney from public service. With this in mind we refer specifically to question four: "Are members of the firm prohibited from appearing on civil matters before City B's city council?" We answer this question with a qualified no. Members of the firm can appear before the city council if: 1) the attorney public official publicly announces his disqualification and, if there is a record of proceedings, that disqualification appears in the record, 2) the attorney public official refrains from discussing the matters upon which the firm appears with any of his colleagues on the council and any city employees involved with the matters; and 3) there is a separation of accounts so that the attorney public official in no way shares in the fee or other remuneration received by the firm.

■ The fifth question is: "Are members of the firm prohibited from appearing before various city boards, such as planning and zoning and the board of adjustments?" Again, our answer is a qualified no, but the attorney public official has to be even more circumspect because the lines of authority and influence are even less apparent. Members of the firm may appear before city boards and commissions if: 1) the attorney public official refrains from discussing any matters handled by the firm with the members of the board or commission or with employees of the city or members of the city council, 2) there is a separation of accounts so that the attorney public official in no way shares in the fees or other remuneration received by the firm for such appearances, and 3) the attorney public official avoids participation in the selection of members of boards or commissions before which his firm *regularly* appears.

It is obvious that the attorney public official in dealing with the problems posed by the fifth question must exercise care to avoid the "appearance of professional impropriety." All doubtful situations should be resolved on the side of the stated ethical consideration. The third qualification of the fifth question above presents the most difficult problem for the attorney public official because a law firm may be called upon by a client to appear before any one of the myriad of boards and commissions

which serve a city in advisory and determinative capacities. The most that can be asked of him is a good-faith attempt to keep potential conflicts at a minimum.

It would be appropriate here to point out that the ethical considerations here involved apply not only to the attorney public official but to each member of his firm who has any dealings with the city. They too must in every way possible avoid any "appearance of professional impropriety."

We are aware that there are many other problems which may arise in this area which we have not addressed, nor do we propose to do so. We leave their resolution to the interested attorneys and to the excellent State Bar Committee on Rules of Professional Conduct. We also point out that we consider it inappropriate for this court to monitor the ethics field by accepting special actions for review of ethics opinions. We have spoken on this matter solely because of our concern with the question of the appearance of propriety as it relates to an attorney's public service.

Relief granted.

STRUCKMEYER, V. C. J., and HOLOHAN, J., concur.

CAMERON, Chief Justice, joined by LOCKWOOD, Justice, concurring.

While we concur in the opinion of the majority of this court, we believe something should be said concerning the effect of Canon 9 of the Code of Professional Responsibility of the American Bar Association.

Canon 9 states, "A lawyer should avoid even the appearance of professional impropriety." This is, of course, a worthy and commendable goal, but that is all it can be —a goal that is often unattainable in the practical world of private law practice. What is professionally improper is frequently in the eye of the beholder and ethical conduct to those outside the legal profession can have the appearance of professional impropriety. When attorneys ethically represent unpopular causes and controversial citizens this often occurs. We think that it should then be emphasized that while we are concerned with avoidance of conduct that would give the appearance of professional impropriety, it is actual unethical conduct which is our primary concern.

Ethical conduct which only incidentally creates the appearance of professional impropriety in the minds of the public should not, absent other factors, be proscribed. To be overly strict in interpreting Canon 9 would prevent an attorney from discharging his responsibility as a citizen to participate in public affairs and hold public office. To deny an attorney this opportunity for public service would not only unnecessarily restrict his rights as a citizen, but would imply that attorneys are exempt from the reasonable demands and responsibilities of citizenship, a result which, we believe, would reflect unfavorably upon the legal profession and be a loss to society.