717 P.2d 902

Floyd GOMEZ, Jr. and Thomas R. Gomez, Petitioners,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PINAL; Hon. Edward L. Dawson, a visiting judge therein, and State of Arizona ex rel. Roy A. Mendoza, Pinal County Attorney, real party in interest, Respondents.

No. 18468–SA.

Supreme Court of Arizona, In Banc.

April 28, 1986.

Cole and O'Neil by A. Thomas Cole, Casa Grande, for petitioners.

Roy A. Mendoza, Pinal Co. Atty. by Boyd T. Johnson, Deputy Pinal Co. Atty., Florence, for respondents.

CAMERON, Justice.

This is a special action which challenges an order of the trial court disqualifying A. Thomas Cole from further participation as defense counsel to petitioners, Floyd and Thomas Gomez. We have jurisdiction pursuant to art. 6 § 5(4) of the Arizona Constitution.

In this action, we must answer one question of statewide importance:

Whether an attorney, who is also a city councilperson, may represent criminal defendants before the Arizona Superior Court in cases where the said city's police officers will be adverse witnesses.

The facts follow. On 23 April 1984, petitioners Gomez were arrested by Casa Grande city police officers for trafficking in stolen property. The next day, petitioners retained attorney A. Thomas Cole (Cole) to defend them. In May 1984, the Pinal County Grand Jury formally indicted petitioners on felony charges of conspiracy to traffic in stolen property, trafficking in stolen property, attempted possession of stolen property, and theft.

On 1 April 1985, Cole was sworn in as City Councilperson for the City of Casa Grande, Arizona, an elected part-time position. As of that date, Cole and the members of his firm ceased accepting cases in the Casa Grande City Court and transferred all such pending cases to other counsel. Further, they have also withdrawn from, or declined employment in, all actions against the City of Casa Grande. Finally, Cole has voluntarily recused himself from participating in and voting on all matters concerning Casa Grande police affairs, except for voting on the City's final overall budget.

The county attorney asked Cole to withdraw from the defense of petitioners in the Superior Court of Pinal County. When Cole took no action, the state filed a motion to determine disqualification of counsel, on 29 April 1985.

The trial court granted the motion for disqualification of counsel in a minute entry stating in part:

THE COURT FINDS that there is an inescapable appearance of impropriety which would result from such dual roles as contemplated herein.

\*　　\*　　\*　　\*　　\*　　\*

Allowance of such representation would be cause for criticism and condemnation of the Justice System and the Bar by the public in general.

After the trial court denied petitioners' motion for reconsideration, petitioners brought this special action. We accepted jurisdiction because of the statewide importance of this issue as it relates to the integrity of our legal system and to provide guidance to attorneys who are either currently serving on city or town councils or who may wish to serve in that or some other public capacity in the future.

Initially, we note that almost the precise issue in contention here was addressed by the State Bar in Ethics Opinion No. 75-8 (1975). In that opinion the question presented was:

Is it ethically proper for an attorney-city councilman to defend a criminal defendant in any court where witnesses against that defendant are officers of that city's police department?

Ethics Opinion No. 75-8 at 1. A majority of the State Bar Ethics Committee held that such representation was improper. Id. This opinion was based on the appearance of impropriety standard, DR 9-101(B) of the Arizona Code of Professional Responsibility, and the control and influence of the attorney-councilman over the city's police officers. Id. at 2. One committee member dissented saying that the possibility of a conflict of interest was too remote to amount to a sufficient appearance of

impropriety, as that standard had been interpreted by this court in *In re Ethics Opinion No. 74-28*, 111 Ariz. 519, 533 P.2d 1154 (1975). *Id.*

Petitioners argue Ethics Opinions 74–28 and 75–8 do not control because the new Arizona Rules of Professional Conduct, (Rule 42, R.Sup.Ct., 17A A.R.S.), that were adopted by this court and became effective in February 1985, omit the appearance of impropriety standard previously contained in Canon 9 and DR 9–101 of the Code of Professional Responsibility. In the alternative, petitioners contend that even if the appearance of impropriety standard is retained in the Arizona Rules of Professional Conduct, the instant case does not present a sufficient appearance of impropriety under *In re Ethics Opinion No. 74-28, supra,* to support Cole's disqualification. Petitioners also claim that Cole does not have the requisite influence and control over Casa Grande police officers that is necessary to find an actual conflict of interest.

## THE APPEARANCE OF IMPROPRIETY

Canon 9 of the Code of Professional Responsibility contained a prohibition against "appearance of impropriety." It was not always strictly or evenly applied especially when there was an absence of actual unethical conduct.

> We think that it should then be emphasized that while we are concerned with avoidance of conduct that would give the appearance of professional impropriety, it is actual unethical conduct which is our primary concern.

> Ethical conduct which only incidentally creates the appearance of professional impropriety in the minds of the public should not, absent other factors, be proscribed. To be overly strict in interpreting Canon 9 would prevent an attorney from discharging his responsibility as a citizen to participate in public affairs and hold public office.

*In re Ethics Opinion 74-28*, 111 Ariz. at 522, 533 P.2d at 1157, (Cameron, C.J., concurring).

More recently, we reiterated our position on what constitutes sufficiently impermissi-

ble conduct for disqualification based on an appearance of impropriety. We held:

> [t]he question we have before us is whether an appearance of impropriety alone will give a party standing to interfere with an adverse party's choice of counsel. We agree with the line of cases that · have applied a stricter scrutiny when reviewing possible Canon 9 violations as a basis for disqualification. *See Board of Education of New York City v. Nyquist*, 590 F.2d 1241, 1247 (2d Cir. 1979) ("when there is no claim that the trial will be tainted, appearance of impropriety is simply too slender a reed on which to rest a disqualification order except in the rarest of cases"); *Woods v. Covington County Bank*, 537 F.2d 804, 819 (5th Cir.1976) ("Inasmuch as attempts to disqualify opposing counsel are becoming increasingly frequent, we cannot permit Canon 9 to be manipulated for strategic advantage on the account of an impropriety which exists only in the minds of imaginative lawyers"); *International Electronics Corp. v. Flanzer*, 527 F.2d 1288, 1295 (2d Cir.1975) ("Canon 9 * * * should not be used promiscuously as a convenient tool for disqualification when the facts simply do not fit within the rubric of other specific ethical and disciplinary rules").

*Alexander v. Superior Court*, 141 Ariz. 157, 165, 685 P.2d 1309, 1317 (1984). It may well be that one of the reasons the American Bar Association dropped the "appearance of impropriety" requirement in the Model Rules of Professional Conduct was the difficulty encounted in cases like *Alexander, supra.*

■ It would appear, however, that "appearance of impropriety", however weakened by case law and its omission in the new Rules of Professional Conduct, survives as a part of conflict of interest and an appearance of impropriety should be enough to cause an attorney to closely scrutinize his conduct. It does not necessarily follow that it must disqualify him in every case. Where the conflict is so remote that there is insufficient appearance of wrongdoing, disqualification is not required. *See United States v. Washington,*

782 F.2d 807, 812–813 (9th Cir.1986). As we have stated:

> We strive, however, for a commonsense solution to this problem which protects the public and yet makes available to public bodies the active participation of attorney members. The "appearance of impropriety" can be avoided without barring the attorney from public service.

*In re Ethics Opinion 74–28,* 111 Ariz. at 521, 533 P.2d at 1156.

■ We also view with suspicion motions by opposing counsel to disqualify a party's attorney based upon conflict of interest or appearance of impropriety and we have indicated the matters a court must consider when ruling upon a motion to disqualify opposing counsel.

> We believe that the court, when considering a motion for disqualification based upon the appearance of impropriety, should consider the following: (1) whether the motion is being made for the purposes of harassing the defendant, (2) whether the party bringing the motion will be damaged in some way if the motion is not granted, (3) whether there are any alternative solutions, or is the proposed solution the least damaging possible under the circumstances, and (4) whether the possibility of public suspicion will outweigh any benefits that might accrue due to continued representation.

*Alexander v. Superior Court,* 141 Ariz. at 165, 685 P.2d at 1317. An application of this test to the instant case leads us to believe the motion for disqualification should not have been granted.

First, although we do not believe the state's motion was made for purposes of harassing the petitioners, that certainly appears to be the result in the instant case. The petitioners have retained counsel and are now ready for trial. If they must obtain a new attorney unfamilar with the case, it will cause inconvenience, delay and additional costs.

Second, the state has not shown that it will be damaged if the motion is not granted. By establishing a record that petitioners know of Cole's possible conflict, the state has laid a foundation to argue that petitioners have waived any claim of ineffective assistance of counsel on this basis. Further, the record does not establish that the police officers in the case at issue are actually hesitant to testify because Cole is petitioners' attorney.

Third, the solution employed by Cole and his firm in this case seems to be appropriate. By recusing himself from participation in matters directly involving the Casa Grande Police Department and removing himself and his firm from cases either against the city or in city court the danger of actual conflict appears minimal.

Fourth, while some public suspicion might be raised by Cole's representation of petitioners in Superior Court we think it is too remote to outweigh depriving petitioners of an attorney in whom they have expressed confidence and whose disqualification could possibly cause them harm. Also, we note that there can be public suspicion regarding an attempt by the state to disqualify a defendant's attorney. " '[F]or the [State] to participate in the selection or rejection of its opposing counsel is unseemly if for no other reason than the distasteful impression which could be conveyed.' " *Alexander v. Superior Court,* 141 Ariz. at 165, 685 P.2d at 1317 (quoting *State v. Madrid,* 105 Ariz. 534, 535, 468 P.2d 561, 562 (1970)). *See also Rodriguez v. State,* 129 Ariz. 67, 628 P.2d 950 (1981).

For the reasons stated we believe that attorney Cole may continue to represent petitioners before the Arizona Superior Court. We point out, however, that this opinion does not overrule the prohibition against an attorney-councilperson practicing law in that city's courts. *In re Ethics Opinion 74–28, supra* ; Ethics Opinion 74–28.

The order of the trial court granting the motion for disqualification of counsel is vacated and the matter remanded to the trial court for further proceedings not inconsistent with this opinion.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.