891 P.2d 246

**STATE of Arizona, ex rel. Richard M. ROMLEY, Maricopa County Attorney, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Michael O. Wilkinson, a judge thereof, Respondent Judge,**

**Jesse Andres FLORES and Manuel D. Gongora, Real Parties in Interest.**

No. 1 CA–SA 94–0265.

Court of Appeals of Arizona, Division 1, Department C.

Feb. 28, 1995.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals, and Richard M. Romley, Maricopa County Atty. by Gerald R. Grant, Deputy County Atty., Phoenix, for petitioner.

Law Office of James W. Hazel by James W. Hazel, Mesa, for real party in interest Flores.

Dean W. Trebesch, Maricopa County Public Defender by Robert C. Billar, Deputy Public Defender, Phoenix, for real party in interest Gongora.

## OPINION

JACOBSON, Judge.

■ The Maricopa County Attorney seeks special action review of the trial court's order directing the County Attorney to withdraw from prosecution of one of two criminal cases. The issue we address is whether the prosecutor in a criminal matter has a conflict of interest that requires withdrawal or disqualification when his office is also prosecuting criminal charges against the victim in a separate and unrelated criminal matter. Because we hold that no conflict of interest arises under these circumstances, we vacate the trial court's order requiring the prosecutor to withdraw.

### Factual and Procedural Background

Real parties in interest Jesse Andres Flores and Manual D. Gongora (defendants) were indicted on multiple counts of endangerment and misconduct involving weapons, all dangerous felonies, arising out of a drive-by shooting at J.M. (the victim) and his family members. The victim and the defendants are allegedly members of rival gangs. The victim was previously indicted on multiple counts of attempted murder and aggra-

vated assault, all dangerous felonies, arising out of circumstances that did not involve defendants. The Maricopa County Attorney's Office (prosecutor) is involved in the prosecution of both cases.

On August 19, 1994, defendant Gongora filed a Motion for Determination of Counsel, alleging that the prosecutor had a conflict of interest in the prosecution of this case because the County Attorney was also prosecuting the victim in another case; additionally, defendant alleged that this dual prosecution created "an appearance of impropriety." At the hearing on the motion,[1] defendant Flores joined in the motion. The court ordered "that the State withdraw from one of the two cases in which there is a conflict." The state filed its petition for special action from that order, and this court stayed all further proceedings in the trial court pending this resolution. On October 18, 1994, we entered an order accepting jurisdiction and granting relief, with this opinion to follow.

### Special Action Jurisdiction

■ An order granting a motion to disqualify counsel prior to trial is an interlocutory order for which the state has no adequate remedy by appeal pursuant to A.R.S. § 13–4032. For that reason, and because this case involves an issue of law that is likely to reoccur, special action review is appropriate. *See, e.g., Gomez v. Superior Court,* 149 Ariz. 223, 717 P.2d 902 (1986); *Turbin v. Superior Court,* 165 Ariz. 195, 797 P.2d 734 (App.1990); *see also* Rules 1 and 3, Arizona Rules of Procedure for Special Actions. In the exercise of our discretion, we accept special action jurisdiction.

### Standing of Real Parties in Interest

As a preliminary matter, we address the prosecutor's contention that the real parties in interest in this case have no standing to assert a conflict of interest because the person subject to any potential conflict under these facts is the victim, who has not moved to disqualify the prosecutor on that basis.

■ Generally, only a client or a former client has standing to challenge legal representation on grounds of conflict of interest. *In re Yarn Processing Patent Validity Litigation,* 530 F.2d 83 (5th Cir.1976). In *Yarn Processing,* the court explained:

To allow an unauthorized surrogate to champion the rights of the former client would allow that surrogate to use the conflict rules for his own purposes where a genuine conflict might not really exist. It would place in the hands of the unauthorized surrogate powerful presumptions which are inappropriate in his hands. Courts do not generally examine the motives of a moving party in a disqualification motion. Once the preliminary showing is made by the former client, the motion must be granted regardless of whether the former client gains an advantage at the expense of his adversary. . . . We are reluctant to extend this where the party receiving such an advantage has no right of his own which is invaded.

*Id.* at 90 (citation omitted).

■ Other courts have interpreted the last sentence of *Yarn Processing* to allow an exception to the general rule:

[W]here the rights of a particular party may be compromised by representation in which opposing counsel is engaged, then that party has standing to bring a motion to disqualify, regardless of whether the party is a client or former client of the attorney or firm whose representation the party challenges.

*Davis v. Southern Bell Tel. & Tel. Co.,* 149 F.R.D. 666, 673 (S.D.Fla.1993); *see also Kessenich v. Commodity Futures Trading Comm'n,* 684 F.2d 88, 94 (D.C.Cir.1982) (granting motion to disqualify filed by party who was not client or former client and who was unaffected by the challenged representation). Arizona courts have also recognized that a party may challenge representation of his opponent, but only "in extreme circumstances." *Alexander v. Superior Court,* 141 Ariz. 157, 161, 685 P.2d 1309, 1313 (1984).

---

1. The parties have not included a transcript of that hearing in their pleadings, although the minute entry indicates that a court reporter was present.

■ In this case, defendants contend that the County Attorney's subsequent criminal prosecution of the victim in this case may cause that victim to "feel it is necessary to please the County Attorney's Office" in this case "in hopes they will show some sort of mercy" in the victim's prosecution. In his response to the petition for special action, defendant , Gongora argues, "the standing comes in [defendants'] desire to have a fair trial and the avoidance of having alleged victim witnesses['] testimony tainted by a belief that they are helping a family member and friend." Because defendants have alleged a possible harm to their own cases that could potentially affect their own due process rights to a fair trial, we find that they have standing to raise the disqualification issue in this context. However, we note that Arizona courts "view with suspicion motions by opposing counsel to disqualify a party's attorney based upon conflict of interest or appearance of impropriety...." *Gomez*, 149 Ariz. at 226, 717 P.2d at 905; *see also Alexander*, 141 Ariz. at 165, 685 P.2d at 1317.

### Role of a Criminal Prosecutor

Defendants' allegation of a conflict is based on the prohibition against litigating adversely to a former client in a subsequent matter. *See generally* ER 1.9, Rules of Professional Conduct, Rule 42, Rules of the Arizona Supreme Court.[2] In their motion in the trial court, defendants argued:

Since the adoption of the Victims' Rights legislation, the duty of a prosecutor to a victim has increased. The increase is almost that of an attorney client. As a result, the prosecution is compelled to represent the victims' rights in terms of noti-

fying of a plea agreement and issues regarding restitution.

In their responding pleading in this court, defendants argue:

In essence, since the adoption of the Victims['] Bill of Rights by Arizona, the prosecuting agencies have become quasi representatives of alleged victims.

Inherent in defendants' allegation of conflict of interest is the contention that the prosecutor cannot "represent" the victim as his "client" in this case and then, through the prosecutor's office, prosecute that "client" in another case. This premise is based on a faulty interpretation of the prosecutor's role in a criminal case as well as a misunderstanding of the prosecutor's relationship to the victim.

It is true that, since passage of the Victims' Bill of Rights, the statutory duties imposed on prosecutors towards victims have increased. *See generally* A.R.S. §§ 13–4401 to –4438 ("Crime Victims' Rights"); *see also* Ariz. Const. art. 2, § 2.1 ("Victims' Bill of Rights"); Rule 39, Arizona Rules of Criminal Procedure. The prosecutor's office must give the victim notice of certain proceedings and notice of the defendant's status, §§ 13–4408 to –4416, and the victim has a right to confer with the prosecuting attorney regarding the disposition of an offense, § 13–4419. Additionally, the defendant's attorney may initiate contact with the victim only through the prosecutor's office, § 13–4433(B). Furthermore, the prosecutor "has standing at the request of the victim to protect the victim from harassment, intimidation or abuse and, pursuant to that standing, may seek any appropriate protective court order." A.R.S. § 13–4433(C). However, even given these additional rights, victims have no "authority to direct the prosecution of the case," A.R.S.

---

2. ER 1.9 provides:

A lawyer who has formerly represented a client in a matter shall not thereafter:

   (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or

   (b) use information relating to the representation to the disadvantage of the former client except as ER 1.6 would permit with respect to a client or when the information has become generally known.

The comment to ER 1.9 states, "The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question." Additionally, the comment to ER 1.7, which involves the "general rule" regarding conflicts of interest, states that "a lawyer ordinarily may not act as advocate against a person the lawyer represents in some other matter, even if it is wholly unrelated."

§ 13–4419(C), which is normally inherent in an attorney-client relationship. Indeed, in some cases the wishes of the victim may be adverse to those of the prosecution. *See, e.g., S.A. v. Superior Court,* 171 Ariz. 529, 529–30, 831 P.2d 1297, 1297–98 (App.1992) (victim attempted to avoid testifying despite subpoena issued at direction of prosecutor).

■ Although not specifically stated in a published opinion in this jurisdiction, the rule is well established that a prosecutor does not "represent" the victim in a criminal trial; therefore, the victim is not a "client" of the prosecutor. *See Hawkins v. Auto-Owners (Mut.) Ins. Co.,* 579 N.E.2d 118, 123 (Ind. App.1991), *vacated in part on other grounds,* 608 N.E.2d 1358 (1993) ("A deputy prosecutor does not represent the victims or witnesses in a criminal proceeding, but rather, is the State's representative"); *Lindsey v. State,* 725 P.2d 649, 660 (Wyo.1986) (Urbigkit, J., dissenting) (" 'The prosecutor does not represent the victim of a crime, the police, or any individual. Instead, the prosecutor represents society as a whole,' " *citing* Commentary, *On Prosecutorial Ethics,* 13 Hastings Const. L.Q. 537–39 (1986); *State v. Eidson,* 701 S.W.2d 549, 554 (Mo.App.1985) ("The prosecutor represents the State not the victim"); *Rutledge v. State,* 245 Ga. 768, 267 S.E.2d 199, 200 (1980) (special prosecutor hired by the victim's family to assist district attorney did not represent the victim). The nature of this representation, and the distinct role of the prosecutor in a criminal case, is perhaps best articulated by Justice White in a concurring and dissenting opinion in which he was joined by Justices Harlan and Stewart:

> Law enforcement officers have the obligation to convict the guilty and to make sure they do not convict the innocent. They must be dedicated to making the criminal trial a procedure for the ascertainment of the true facts surrounding the commission of the crime. To this extent, our so-called adversary system is not adversary at all; nor should it be. But defense counsel has no comparable obligation to ascertain or present the truth. Our system assigns him a different mission. He must be and is interested in preventing the conviction of the innocent, but, absent a voluntary plea of guilty, we also insist that he defend his client whether he is innocent or guilty. The State has the obligation to present the evidence....

*United States v. Wade,* 388 U.S. 218, 256–57, 87 S.Ct. 1926, 1947–48, 18 L.Ed.2d 1149 (1967) (White, Jr., concurring and dissenting). That distinction has also been discussed by other authorities:

> "The difference in our roles as advocates derives from the degree of our authority and the disparity of our obligations. Defense counsel's legitimate and necessary goal is to achieve the best possible result for his client. His loyalty is to the individual client alone. *The prosecutor, however, enters a courtroom to speak for the People and not just some of the People. The prosecutor speaks not solely for the victim, or the police, or those who support them, but for all the People. That body of "The People" includes the defendant and his family and those who care about him. It also includes the vast majority of citizens who know nothing about a particular case, but who give over to the prosecutor the authority to seek a just result in their name."*

*Lindsey,* 725 P.2d at 660, *quoting* Commentary, *On Prosecutorial Ethics,* 13 Hastings Const. L.Q. 537–539 (1986) (emphasis added).

Given this unique role of a prosecutor in a criminal action, we hold that the prosecutor does not "represent" the victim as a "client" in a way that runs afoul of the Rules of Professional Conduct. The prosecutor has no incentive to induce the victim in this case to "please" the prosecutor in a way that would prejudice defendants' rights to a fair trial. We will not presume that the prosecutor will seek defendants' convictions at all costs, when his duty is to see that justice is done on behalf of both the victim and the defendants. *Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935); *see also* ER 3.8, Comment, Rule 42, Rules of the Arizona Supreme Court ("A prosecutor has the responsibility of a minister of justice and not simply that of an advocate"). Under the circumstances of this case, we hold that no conflict of interest exists to justify the trial court's order requiring the prosecutor to withdraw from representation in one of the two subject criminal actions.

Defendants also allege that this dual involvement of the prosecutor in both matters creates "an appearance of impropriety." Although the Model Rules adopted by our supreme court in Rule 42 no longer contain the former Canon 9 appearance of impropriety prohibition, our supreme court has stated that this standard still "survives as part of conflict of interest" analysis, and "should be enough to cause an attorney to closely scrutinize his conduct." *Gomez,* 149 Ariz. at 225, 717 P.2d at 904. However, appearance of impropriety does not necessarily cause disqualification in every case; rather, "[w]here the conflict is so remote that there is insufficient appearance of wrongdoing, disqualification is not required." *Id.; see also Sellers v. Superior Court,* 154 Ariz. 281, 289, 742 P.2d 292, 300 (App.1987) (appearance of impropriety is "too slender a reed" upon which to rest disqualification of opposing counsel).

We conclude that the facts of this case do not raise an "appearance of impropriety" to any level sufficient to cause disqualification of the Maricopa County Attorney's Office from prosecution of either this case or prosecution of the victim in another case.[3] Because we have also held that the victim is not a "client" of the Maricopa County Attorney's Office, we have also concluded that no conflict of interest has arisen on these facts. Therefore, the trial court abused its discretion in requiring the Maricopa County Attorney's Office to withdraw from prosecution of one of the two criminal cases, and we vacate that order.

For the foregoing reasons, we accept jurisdiction and grant relief. With the filing of this opinion, the stay previously in effect is dissolved.

EHRLICH, P.J., and WEISBERG, J., concur.

---

3. This holding is limited to the facts before us on motion of these defendants to disqualify the prosecutor because of his relationship with the victim in an entirely unrelated matter. We express no opinion on the outcome of any potential challenge by the victim in this case to the prosecution of his criminal case by the Maricopa County Attorney's Office, if based on other facts indicating that prejudicial confidential information was gained by that office during the course of rendering its statutory duty towards him as a victim in this case.