NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(C), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LANCE GARY DAVEY, *Petitioner,*

*v.*

THE HONORABLE BILLY K. SIPE, Judge Pro Tem of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MOHAVE, *Respondent Judge Pro Tem,*

STATE OF ARIZONA, *Real Party in Interest.*[1]

No. 1 CA-SA 24-0197
FILED 01-28-2025

Petition for Special Action from the Superior Court in Mohave County
No. CR-2018-00620
The Honorable Billy K. Sipe, Judge Pro Tem

**VACATED AND REMANDED**

---

[1] In special actions filed after January 1, 2025, judges are not respondents. Ariz. R.P. Spec. Act. 5(b)(2). This case, filed in 2024, remains subject to prior practice. *See* 1 CA-AO 2024-0013 (entered Dec. 24, 2024) ("[A]ny cases pending on January 1, 2025 will retain their existing captions.").

COUNSEL

Law Office of Jason Lamm, Phoenix
By Jason D. Lamm
*Co-Counsel for Petitioner*

Aspey Watkins & Diesel PLLC, Flagstaff
By Michael J. Wozniak
*Co-Counsel for Petitioner*

Mohave County Attorney's Office, Kingman
By Amanda Claerhout
*Counsel for Real Party in Interest*

**MEMORANDUM DECISION**

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Samuel A. Thumma joined.

**J A C O B S**, Judge:

**¶1**　　　　Lance Gary Davey filed this special action challenging the superior court's denial of his request for an evidentiary hearing and the denial of his Motion to Disqualify the Mohave County Attorney's Office. Because, based on the record presented, the court should have held the evidentiary hearing Davey requested, we accept jurisdiction and reverse.

**FACTUAL AND PROCEDURAL HISTORY**

**¶2**　　　　In 2020, a jury convicted Davey of fifteen drug and weapon felony offenses, later finding the State proved certain aggravating circumstances. During the trial, Kenneth Beane, a Mohave County Deputy Public Defender, represented Davey. Thereafter, Davey was sentenced to prison as a repetitive offender to concurrent and consecutive prison terms lasting more than 30 years.

**¶3**　　　　Sometime after representing Davey, Beane left the Public Defender's Office and began working for the Mohave County Attorney's Office ("MCAO").

¶4            In November 2023, Davey filed his Notice of Post Conviction Relief under Arizona Rule of Criminal Procedure 32.  Thereafter, Davey requested an interview with Beane to support a potential claim of ineffective assistance of counsel.  In February 2024, before Beane was interviewed, Davey asked MCAO whether Beane had been screened from Davey's file.  In response, MCAO said Beane had asked another Deputy County Attorney to obtain the Public Defender's file for Davey (although that other Deputy declined to do so) and that Beane had been "conflicted off" the case.

¶5            The next week, Davey interviewed Beane.  During the interview, Davey discovered Beane had  (1) viewed MCAO's file on Davey on several occasions and (2) been first told not to access Davey's MCAO file "several hours" before the interview.  When further questioned, Beane was unaware of any screening measures that barred him from accessing Davey's file.  After Davey notified MCAO of Beane's conduct, Beane resigned.

¶6            Davey then moved to disqualify MCAO from representing the State in his post-conviction relief case, attaching an informal transcript of Davey's interview of Beane.  He later filed a Motion to Accelerate or Continue Oral Argument on the disqualification motion.  Within the Motion to Accelerate or Continue Oral Argument, Davey requested an evidentiary hearing, citing *State ex rel. Mitchell v. Palmer*, 257 Ariz. 160 (2024) and *State ex rel. Romley v. Superior Court*, 184 Ariz. 223 (App. 1995).  The court did not grant the Motion to Accelerate or Continue and held no evidentiary hearing.

¶7            Davey argued MCAO should be disqualified under *Romley* and *Gomez v. Superior Court*, 149 Ariz. 223 (1986).  He also relied on *Mitchell*, because of Beane's conduct.  MCAO admitted Beane should not have accessed Davey's file but argued there were insufficient grounds for disqualification.

¶8            The superior court ruled from the bench, without holding an evidentiary hearing, and denied Davey's Motion to Disqualify MCAO, finding "no basis to grant this motion."  In doing so, the court discussed the appearance of impropriety but did not mention *Romley*, *Gomez*, or *Mitchell*. The court reasoned that there was no basis for disqualification because MCAO gained no advantage from Beane's misconduct and there was no prejudice to Davey.  This special action followed.

3

**DISCUSSION**

**¶9**       Davey asks this Court to exercise special action jurisdiction to review the superior court's denial of his Motion to Disqualify and its denial of his request for an evidentiary hearing on the motion.    The "disqualification of a prosecutor's office is of statewide importance and likely to recur." *State v. Marner*, 251 Ariz. 198, 200 ¶ 7 (2021).  We choose to exercise our discretionary special action jurisdiction. *Turbin v. Superior Court*, 165 Ariz. 195, 196 (App. 1990) (accepting special action jurisdiction for the denial of a motion to disqualify an entire prosecutor's office).

**¶10**       Davey argues the superior court erred by failing to hold an evidentiary hearing for the Motion to Disqualify.   Davey also argues the superior court erred by failing to analyze the *Gomez* factors and properly apply *Romley*'s guidelines for vicarious disqualification.   Because the superior court should have held an evidentiary hearing before ruling on the Motion to Disqualify, we vacate its ruling and remand for further proceedings.

I.    **The Superior Court Should Have Granted Davey's Request for an Evidentiary Hearing.**

**¶11**       When considering a motion to disqualify an entire prosecutor's office, our Supreme Court recently stated, in a comparable context, that "a motion to disqualify involves a fact-intensive inquiry[] and will likely necessitate a hearing[.]" *Mitchell*, 257 Ariz. at 162, 168 ¶¶ 1, 28 (addressing the "unique prosecutorial situation . . . when a crime victim works in the same office responsible for prosecuting the individual accused of the crime[]").

**¶12**       Although Davey's request for an evidentiary hearing was in the body of his Motion to Accelerate or Continue, MCAO's response is that the court's decision was not fact intensive, and the parties agreed to the conduct in question (not that a hearing was not requested).  It is true that our law does not generally require an evidentiary hearing where there is no significant factual question or dispute. *See State v. Amaral*, 239 Ariz. 217, 220 ¶ 12 (2016) (discussing the purpose of an evidentiary hearing in the post-conviction context).  But here, Davey and MCAO have a real dispute as to the effect and severity of Beane's conduct as it pertains to Davey's potential claims.  Although that issue likely could be resolved if other counsel were substituted for MCAO to represent the State, that has not yet occurred.

**¶13**       The record reinforces the necessity of an evidentiary hearing. Before denying Davey's motion, the superior court did not learn what

information Beane accessed through MCAO.  The court found Beane accessed the information for no "nefarious" purpose, though there was no testimony addressing Beane's intent, and the order cites no law that would make Beane's good faith a defense to disqualification.  The court also found neither MCAO nor Beane gained an advantage from Beane's misconduct, but no testimony was provided or cited to support this finding.  As the Supreme Court stated in *Mitchell*, "[b]ecause a motion to disqualify involves a fact-intensive inquiry," such a motion typically requires an evidentiary hearing.  257 Ariz. at 167 ¶ 28.  Because, on this record, such a hearing was required, we vacate the court's ruling and remand.

**¶14**      The remand will allow the superior court not only to receive live evidence provided by the parties, but also expressly address the *Gomez* factors.  *Marner*, 251 Ariz. at 200 ¶ 11 ("[T]he trial court should consider these factors whenever a defendant seeks to disqualify an entire prosecutor's office, regardless of whether the basis for the motion is a conflict of interest, misconduct, or appearance of impropriety.").  Accordingly, on remand, the superior court can expressly decide whether: (1) the purpose of the motion is to harass the nonmovant, (2) the party bringing the motion will be damaged in some way if it is not granted, (3) there are any alternative solutions, or "is the proposed solution the least damaging . . . under the circumstances," and (4) "the possibility of public suspicion will outweigh any benefits that might accrue due to continued representation."  *Gomez*, 149 Ariz. at 226 (internal quotation omitted).

**¶15**      And to the extent MCAO argues it engaged in screening that mitigated any issues created by permitting Beane's access to information, the court on remand also can expressly address *Romley* in considering the efficacy of screening.  *See Mitchell*, 257 Ariz. at 165-66 ¶¶ 21-23 (applying *Romley* and holding that screening mechanism was inadequate to prevent disqualification of county attorney's office because subject attorney was likely to be a necessary witness in movant's trial).

**¶16**      As *Romley* indicates, an adequate screening mechanism is "designed both to eliminate opportunities for inadvertent disclosure and to provide a genuine appearance of a security wall around [Beane]."  184 Ariz. at 228; *see also* Ariz. R. Sup. Ct. 42, ER 1.0(j)(1) (stating reasonably adequate screening procedures include "adoption of mechanisms to deny access by the screened lawyer . . . to . . . files or other information, including in electronic form, relating to the screened matter[,]" "written notice that a screen is in place[,]" "acknowledgment by the screened lawyer . . . of the obligation not to communicate[,]" and "periodic reminders of the screen").

**CONCLUSION**

**¶17** We vacate the superior court's order denying Davey's motion to disqualify MCAO and remand for an evidentiary hearing consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:                    JR